Action for damages on account of negligence, and from a jury verdict in favor of the plaintiffs, the defendants, Whitmer-Parsons Pulp Lumber Company, appeals. No error.
The plaintiffs, landowners in Ocona Lufty Township, owned a 40-acre tract of farm land located immediately and directly opposite the defendant's saw mill plant on Ocona Lufty River. The plaintiffs lived on their tract of land near the river, where they owned a residence, and certain other buildings, including a storehouse in which they conducted a mercantile business. The public highway ran immediately in front of plaintiffs' buildings and within some 25 feet of the waters of the river. The defendants owned the tract of land immediately opposite and across the river from plaintiffs' residence, and on its land it operated a saw mill and planing mill and had, among other things connected with its industrial plant, a place where it burned its refuse from its mill. This fire was fed by means of a conveyor which took the refuse matter up to a point above the fire from which it dropped and burned. The fire was enclosed on all sides except the open side next to plaintiffs' residence.
This action, as originally instituted, alleged a nuisance on account of this continual fire and the resultant falling of cinders and charred particles of wood on plaintiffs' premises and the scattering of soot thereon, so that plaintiffs' home was rendered less comfortable and their business interfered with and their property endangered on account of fire, and, from the alleged ill effects of a log pound and odors therefrom, but at the time of the trial, plaintiffs had sold their residential property, including their mercantile business and had moved therefrom.
The plaintiffs stated that they asked for nothing except damages to their real and personal property and the court eliminated the other features from the trial.
The court submitted the following issues:
"1. Were the plaintiffs the owners of the lands described in the complaint at the time of the institution of this action. Answer: Yes.
"2. Was the lands, houses and outbuildings of the plaintiffs damaged by the negligence of the defendant, between 1 March, 1924, and 1 November, 1924, as alleged in the complaint? Answer: Yes.
"3. If so, in what amount? Answer: $1,800. *Page 880 
"4. Was the personal property of the plaintiffs damaged by the negligence of the defendant, between 1 March and 1 November, 1924, as alleged in the complaint? Answer: Yes.
"5. If so, in what amount? Answer: $200.
We have examined all the exceptions, and, upon perusal of the entire record, we are of opinion that there is no prejudicial error. The court below charged the principles of law applicable to the relevant facts, and we are of opinion that the charge is a sufficient compliance with C. S., 564. The evidence admitted was competent and there have been no errors committed in the trial prejudicial to the defendant. The plaintiffs contended that the defendants are liable for negligence, and the defendants contended that they are liable only in the case of negligence. We are of opinion that the case has been tried in accordance with the accepted theory of the parties, and the jury has settled the facts in a trial free from prejudicial error. Therefore, there is
No error.
 *Page 1